FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 14, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PATRICK K. GIBSON,<br><br>　　　　　　　　　Petitioner,<br><br>　v.<br><br>RONALD HAYNES,<br><br>　　　　　　　　　Respondent. | NO: 2:23-CV-0256-TOR<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |

BEFORE THE COURT is the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254. ECF No. 1. Petitioner, a prisoner at the Airway Heights Corrections Center and is proceeding *pro se*. Respondent is represented by Assistant Attorney General John J. Samson. Respondent has answered the Petition and filed relevant portions of the state court record. ECF Nos. 8, 9. Petitioner filed a reply. ECF No. 15. The Court has reviewed the record and files herein, the completed briefing and is fully informed. For the reasons discussed below, Patrick K. Gibson's Petition for Writ of Habeas Corpus is **denied**.

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS ~ 1

# BACKGROUND

Petitioner is serving a state court conviction for first degree murder. ECF No. 9-1 at 2-14. Petitioner is not challenging the validity of his conviction and sentence. Petitioner is challenging a prison disciplinary hearing conducted by the Department of Corrections in 2022. The Washington Court of Appeals summarized the facts regarding the proceedings as follows:

> According to written reports prepared by Sergeant Brian Gilman and Corrections Officers (CO) Jeffrey Ward, Lance Hall, and Bonnie Stoeser, Mr. Gibson became argumentative and agitated with CO Ward after a cell search and disobeyed directives to return to his cell. Affidavits from inmates Quentin Poorbear and Richard Thueson state that Mr. Gibson was not loud and did not appear agitated when speaking with CO Ward. Mr. Poorbear's affidavit also affirmatively asserts that Mr. Gibson repeatedly asked to use the toilet. At the disciplinary hearing, Mr. Gibson testified that he had not been loud or agitated and that CO Ward would not let him use the bathroom after directing him to return to his cell. Mr. Gibson denied refusing to return to his cell.
>
> The hearing officer found Mr. Gibson guilty of "[r]efusing a direct order by any staff member to proceed to or disperse from a particular area." WAC 137-25-030(509). The finding was based on the written testimony and supporting documents submitted, and Mr. Gibson was sanctioned 30 days' loss of good conduct time, 3 months' loss of packages, and 30 days of cell confinement due to the severity of the incident. The hearing officer's decision was affirmed on appeal.

ECF No. 9-1 at 16-17.

Petitioner filed a personal restraint petition challenging the disciplinary hearing. The Court of Appeals dismissed it as frivolous. ECF No. 9-1, Ex. 2.

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS ~ 2

Petitioner then filed a motion for reconsideration which was sent to the Supreme Court of Washington.  Petitioner raised the following issues:

> 1.) Petitioner presents evidence that shows his minimum due process rights were violated during the disciplinary hearing and appeal process because the DOC refused to call and talk to staff witnesses that could verify that petitioner was intentionally denied toilet access. Without a complete record to make a disciplinary hearing decision on, the decision is arbitrary and capricious.
>
> 2.) The intentional denial of toilet access was a civil rights violation under Wash. Const. art 1 § 14, cruel punishment, and the DOC staff involved in the infraction incident committed gross misdemeanors in denying toilet access and falsifying their respective reports related to infraction incident, to cover up their criminal conduct. Thus, the infraction was arbitrary and capricious.
>
> 3.) DOC Kite dated 9-14-2022, answered by C.O. Bonnie Stoeser, a witness to infraction incident, included in Exhibit "A" document 23, of PRP, confirms that petitioner was intentionally denied toilet access when he repeatedly requested it, advising staff of his medical condition of diarrhea, and that staff intentionally did not include that important fact in any of their respective reports related to this incident, including C.O. Stoeser. Had staff included that fact in their respective reports, the outcome of proceedings or appeal would have likely been different.

ECF No. 9-1 at Exhibit 4, at 71.

The Deputy Commissioner of the Washington Supreme Court denied review.  ECF No. 9-1, Ex. 6.  Petitioner then moved to modify the Commissioner's ruling and the Washington Supreme Court denied the motion (ECF No. 9-1, Ex 8).

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS ~ 3

## EXHAUSTION OF STATE REMEDIES

Respondent concedes that Petitioner exhausted his available state court remedies by fairly presenting this claim to the Washington Supreme Court as a federal claim. ECF No. 8 at 4.

## TIMELINESS OF PETITION

Respondent concedes that Petitioner timely filed his federal habeas petition within the statute of limitations. ECF No. 8 at 4.

## EVIDENTIARY HEARING

"[A]n evidentiary hearing is not required on issues that can be resolved by reference to the state court record." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (quoting *Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998)) (evidentiary hearing is not required where the petition raises solely questions of law or where the issues may be resolved on the basis of the state court record). Indeed, review is limited to the record that was before the state court. *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011) ("[R]eview under [28 U.S.C.] § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."). Because federal habeas is "a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal," the types of errors redressable under § 2254(d) should be apparent from the record. *Ryan v. Gonzales*, 568 U.S. 57, 75 (2013)

(quoting *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011)). Here, Petitioner has not established the limited circumstances for entitlement to an evidentiary hearing pursuant to 28 U.S.C. § 2254(e)(2).

Accordingly, the Court rejects any evidentiary hearing.

## DISCUSSION

### I.    Standard of Review

A court will not grant a petition for a writ of habeas corpus with respect to any claim that was adjudicated on the merits in state court proceedings unless the petitioner can show that the adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Waddington v. Sarausad*, 555 U.S. 179, 190 (2009) (quoting § 2254(d)). Section 2254(d) sets forth a "highly deferential standard for evaluating state-court rulings which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (citation omitted).

Two separate statutory subsections govern a federal court's review of state court factual findings:

> Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS ~ 5

decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2).

*Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) (citation omitted); *see also Landrigan*, 550 U.S. at 473-74.  Importantly, a "state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010).  "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Landrigan*, 550 U.S. at 473.

"When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington v. Richter*, 562 U.S. at 99.  Section 2254(d) does not require a state court to give reasons before its decision can be deemed to have been "adjudicated on the merits." *Id*. at 100.  "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Id*. at 98.

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS ~ 6

## II. Analysis

Petitioner was disciplined for refusing a direct order by any staff member to proceed to or disperse from a particular area. Petitioner contends that he needed to use the bathroom. In this habeas action, Petitioner contends that his due process rights were violated during the disciplinary hearing because he could not call witnesses. However, the Deputy Commissioner of the Washington Supreme Court found that Petitioner did not show a violation of his due process rights:

> Gibson mainly argues he was denied the opportunity to call a witness who could have confirmed that when he was ordered to return to his cell, he told correctional officers that he was suffering from diarrhea due to a medical condition and needed immediate bathroom access. But at his hearing he presented one witness statement that supported this claim. He does show that the lack of any other witnesses prejudiced his right to a fair proceeding. In response to Gibson's administrative appeal, the prison disciplinary program manager acknowledged that staff interviews confirmed that Gibson had asked to use the bathroom. The program manager also noted that when Gibson made this request, security and safety was the priority, and Gibson was told he had to wait until he was escorted to the segregation unit. These staff confirmed that during the escort Gibson did not defecate, and he otherwise cooperated with necessary searches and medical assessments upon his arrival.
>
> Gibson mainly contends that the deprivation of bathroom access violated the constitutional prohibition on cruel punishment, relying on *In re Personal Restraint of Williams*, 198 Wn.2d 342, 496 P.3d 289 (2021). But he does not show that a single instance of denying him immediate access to a bathroom amounted to unconstitutional cruelty, particularly under the facts of this case, nor does he show that reversal of a disciplinary decision is appropriate relief for a claim of unconstitutionally cruel conditions of confinement.

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS ~ 7

ECF No. 9-1 at 111 (Ex. 6).

Because Petitioner does not show that the state court adjudication was unreasonable, he is not entitled to habeas relief. Petitioner has failed to show how any additional testimony would have affected the hearing officer's determination that Petitioner refused a direct order from staff. Finally, Petitioner alleges that he should have been able to call as witnesses the officers who transported him from the scene after the events but fails to show how that testimony would have been favorable to him.

Thus, Petitioner has failed to show that these factual determinations should be overturned because they are objectively unreasonable in light of the evidence presented in the state disciplinary and court proceedings. *See Waddington v. Sarausad*, 555 U.S. at 190 (quoting § 2254(d)).

### III. Certificate of Appealability

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A COA may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the

issues presented are adequate to deserve encouragement to proceed further."
*Miller-El v. Cockrell*, 537 U.S. at 327.

This Court concludes that Petitioner is not entitled to a COA because he has not demonstrated that jurists of reason could disagree with this Court's resolution of his constitutional claims or could conclude that any issue presented deserves encouragement to proceed further.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED**.

2. Any appeal taken by Petitioner of this matter would not be taken in good faith as he fails to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is denied.

The District Court Executive is directed to enter this Order and Judgment accordingly, furnish copies to the parties, and **CLOSE** the file.

**DATED June 14, 2024**.



THOMAS O. RICE
United States District Judge